JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON R. SWAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. CV 21-5619-MCS (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

**PROCEEDINGS**

On July 9, 2021, Jonathon R. Swan ("Petitioner"), a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition or "Pet."), which challenges the constitutionality of Petitioner's criminal conviction in the United States District Court for the District of Wyoming. Petitioner is currently incarcerated in the Central District of California at the United States Penitentiary in Lompoc, California. (See Pet. at 1.) Accordingly, the Petition is properly construed as having been brought pursuant to 28 U.S.C. § 2241.

For the reasons set forth below, the Court finds that the Petition should be transferred to the District of Wyoming.

## BACKGROUND AND PROCEDURAL HISTORY

On July 31, 2019, in the District of Wyoming, a jury convicted Petitioner of possession with intent to distribute 500 grams or more of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A), and knowingly carrying a firearm during and in relation to a federal drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (United States v. Swan, D. Wyo. Case No. 2:19-cr-00009-SWG-1 at Dkt. 126, 185-1.)

On November 1, 2019, Petitioner was sentenced to a term of 270 months in prison. (Id. at Dkt. 150, 151.)

On September 28, 2020, the United States Court of Appeals for the Tenth Circuit affirmed the judgment. (Id. at Dkt. 185-1.)

On January 7, 2021, Petitioner filed in the sentencing court a motion to vacate his conviction under 28 U.S.C. § 2255 ("2255 Motion"). (Id. at Dkt. 189.)

On February 16, 2021, the sentencing court issued an order indicating that: it had preliminarily reviewed the 2255 Motion; it would consider the claims set forth in Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, which had been dismissed, as well as the claims raised in the 2255 Motion; it appeared some of Petitioner's claims were procedurally barred; and Petitioner would be permitted to file a supplemental brief addressing the potential procedural bars apparent in his 2255 Motion. (Id. at Dkt. 191.)

Petitioner did not file a supplemental brief, and the 2255 Motion has not been adjudicated.

On July 9, 2021, Petitioner filed the instant Petition.

## DISCUSSION

**I.     The Petition Is Properly Construed as a Motion Under 28 U.S.C. § 2255**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Stephens v. Herrera, 464 F.3d 895,

897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). The motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens, 464 F.3d at 897; Tripati, 843 F.2d at 1162. Rather, a Section 2241 habeas petition is the means by which a prisoner challenges the manner, location, or conditions of that sentence's execution. Hernandez, 204 F.3d at 864 ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

Nevertheless, an exception exists by which a federal prisoner may challenge his conviction or sentence under Section 2241 if he can demonstrate that the remedy available under Section 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). This so-called "savings clause" exception is very narrow. Id.; see also Aronson v. May, 85 S. Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (procedural requirements of Section 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651); Lorentsen, 223 F.3d at 953 (Section 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to Section 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Tripati, 843 F.2d at 1162-63 (petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

A prisoner challenging the validity of his conviction or sentence may invoke the savings clause in Section 2255 and bring a petition pursuant to Section 2241 only if he: "(1)

makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citations omitted); see also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citations omitted). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted).

Here, Petitioner attacks the validity of his conviction on the following grounds: (1) evidence used against him at trial was improperly obtained and did not implicate him in the crimes; (2) he should have been granted a change of venue; (3) he should have been released on bond prior to trial; (4) he was denied his right to a speedy trial; (5) he received ineffective assistance of counsel; (6) the trial judge was biased against him; and (7) there was insufficient evidence to support his conviction.[1] (Pet. at 5-9.)

Plaintiff's claims do not challenge the manner, location, or conditions of a sentence's execution that implicate Section 2241. Rather, the claims directly challenge the validity of the conviction and, as such, fall within the exclusive domain of Section 2255. See Lorentsen, 223 F.3d at 953. Thus, the Petition is properly construed as a Section 2255 motion over which this Court lacks jurisdiction, unless the Petition falls within the "savings clause" of Section 2255.

**II.    Petitioner Cannot Meet His Burden of Showing His Claim Falls Within the Savings Clause of Section 2255**

Again, in order for the "savings clause" of Section 2255 to apply, it must be established that Petitioner is actually innocent and that he lacked the opportunity to present his claim in a Section 2255 motion. See Stephens, 464 F.3d at 898. Even assuming that

---

[1] Petitioner also claims that he suffered civil rights violations prior to trial while he was in custody in Wyoming and Nebraska. (Pet. at 8.) To the extent that Petitioner wishes to pursue these claims, he must file a separate civil rights action pursuant to 42 U.S.C. § 1983 in the district in which the alleged violations took place, i.e., the United States District Court for the District of Wyoming and/or the District of Nebraska.

Petitioner meets the first criterion regarding actual innocence, it is clear that he was not denied an unobstructed procedural shot at presenting his claim. In order to meet this standard, it must be established that the claims "'did not become available' until after a federal court decision. Stephens, 464 F.3d at 898. In other words, we consider: (1) whether the legal basis for petitioner's claim[s] 'did not arise until after he had exhausted his direct appeal and first § 2255 motion'; and (2) whether the law changed 'in any way relevant' to petitioner's claim[s] after that first § 2255 motion." Harrison. v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). Petitioner cannot show that he lacked an unobstructed procedural shot at presenting his claims because all of the claims in the Petition were or could have been raised in the 2255 Motion, which is still pending.

The savings clause of Section 2255 does not apply, and this Court lacks jurisdiction over the Petition.

**III.    The Petition Should Be Transferred to the District of Wyoming**

Transfer of venue is governed by 28 U.S.C. § 1631, which provides:

Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.

Id.  A matter should be transferred "if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted).

Here, the Court lacks jurisdiction over the Petition. It appears that the Petition could have been filed in the District of Wyoming because Petitioner's 2255 Motion has not yet been adjudicated and, therefore, the Petition could have been presented or construed as an

amendment or supplement to his initial 2255 Motion. In these circumstances, the Court finds that it is in the interest of justice to transfer the Petition to the District of Wyoming.

**ORDER**

IT IS HEREBY ORDERED that the Petition be transferred to the District of Wyoming.

DATED: July 15, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE